## J. A. BONNAFON, Administrator, v. J. WILTZ.

A bill of exceptions which does not set forth the grounds upon which testimony was ruled out, will not be noticed. And so, with a bill which does not show the materiality of the testimony of a witness offered and rejected as incompetent.

An action against a tutor is prescribed by four years from the majority of the ward.

The proper mode of recovering property held under a simulated title, is by the action of revendication.

APPEAL from the District Court of St. Martin.·

A. Deblanc, for plaintiff and appellant. E. Mongé and E. H. Mouton, for defendant.

VOORHIES, J. This suit is brought by the plaintiff as administrator of the succession of Sosthene Wiltz, deceased. He alleges that the defendant was appointed the tutor of the deceased on the 4th of December, 1848, and as such received from the estates of Alexander Wiltz and wife, as the inheritance of his ward, the sum of $1645 35; that at the sale of said Alexander Wiltz's estate, the defendant purchased, apparently in his own name, but in fact for his ward, a slave named Marguerite, of whom the latter took immediate possession as owner, according to their mutual understanding, and continued to hold said slave as such until the period of his death;. that the defendant promised to convey to his ward by public act, the legal title to said slave, but owing to the disorder of the affairs of the latter, it was delayed with a view and understanding to defraud his creditors, and in the meantime died; that, confiding in the honor and integrity of the defendant, and believing that he would fulfill his promise, the deceased gave him a discharge as his tutor, which was duly registered in the office of the Recorder of Mortgages; but neither at, nor subsequent to the execution of the discharge, did the defendant ever pay any money to his ward, the price of the slave in question being considered as given to him in payment; that the deceased also sold to the defendant property of the value of $1500 for the purpose of screening the same under a simulated sale, the possession of which having continued in the deceased; that the defendant has illegally and fraudulently taken said slave and property thus sold to him, out of the possession of the widow of the deceased, and has refused to restore the same, or to pay the amount which he owed his ward; and that the defendant having thus violated his promises and obligations, is liable : 1st, for the sum of $1645 35, received on account of his ward; 2dly, the sum of $1500 as the

83

price of the property thus conveyed to him; and 3dly, the sum of $1800 as damages sustained by the succession of the deceased in consequence of his illegal acts.

The petition concludes with a prayer that the defendant be condemned to pay to the plaintiff the sum of $4945 35, with 5 per cent. interest from the 1st Saturday in September, 1854, and 8 per cent. interest on the balance from judicial demand, and for a trial by jury.

The defendant in his answer pleaded the general issue and averred that his ward, *Sosthene Wiltz*, had given him a discharge or receipt in full for the amount which he owed as his tutor; and also pleaded in bar of the plaintiff's action the prescription of four years, alleging that the deceased, his ward, had attained the age of majority more than four years previous to the institution of the present suit.

The case was submitted to a jury; and from a judgment rendered on their verdict in favor of the defendant, the plaintiff has appealed.

Our attention has been called to two bills of exceptions in the record. On the trial, the plaintiff offered to prove by parol that the slave in question was purchased by the defendant for his ward, and to prove what the defendant had received from the estates of his ward's parents, and also to prove the transaction which had taken place between the purchaser of the child of the slave *Marguerite* and the deceased. As the bill of exceptions sets forth none of the grounds upon which the evidence was ruled out, we do not think it is in our power to notice it. 13 L., 93; 5 An., 17. The other bill of exceptions is to the ruling of the Judge *a quo* rejecting the testimony of the wife of the deceased on the score of incompetency. The bill of exceptions does not inform us in what respect the testimony was important. We have therefore no means of determining whether it was material and such as should have influenced the decision of the cause, or not. Hence we do not feel ourselves at liberty to grant the relief sought.

On the merits and under the pleadings, it does not appear to us that there is any error in the verdict of the jury. The claim of the deceased against the defendant as his tutor, was clearly barred by prescription. Whether the slave in question belonged to *Sosthene Wiltz*, in whose possession she was until the time of his decease, or not, is a question which we do not consider as presented by the issues. As to the other property alleged to have been sold to the defendant by the deceased, we do not think the present form of action, which should have been one of revendication, authorized the jury to pass upon the simulation of the sale. The answer, as we have seen, is silent on the subject. It is the prayer of a petition which gives character to the action.

It is therefore ordered and decreed, that the judgment of the court below be affirmed, with costs.